## PACIFIC MAIL STEAMSHIP COMPANY *vs.* THE PACIFIC.

### December 3, 1909.

*Costs—U. S. Commissioner's fees:*   Taking and certifying a deposition to file is not "attending to a reference in a litigated matter in pursuance of an order of the court."

*Same—Marshal's charges for keeping personal property attached on mesne process:*   Charges of a U. S. Marshal for expenses of keeping personal property attached on mesne process, aggregating more than the statutory fees, may be allowed as costs by the court upon petition under oath setting forth the facts.

*Same—Marshal's traveling expenses in serving subpoena:*   A U. S. Marshal may elect to receive for such services in lieu of mileage his "actual traveling expenses," to be proved on his oath to the satisfaction of the court.

*Construction—"Mesne process":*   A process of attachment prayed for in a libel and authorized by the court is mesne process in the meaning of section 829 R. S. U. S.

*In Admiralty:*   Motion to tax costs.

*Kinney, Ballou, Prosser & Anderson,* for the Libelant.
*E. M. Watson,* for the Libellee.

DOLE, J.   Counsel for the libellee objects to Commissioner's fees at ten dollars a day, contending that the fees should be three dollars a day.

The law on this point is section 21 of the Act of May 28, 1896 (29 Stat. L., p. 185), which amends section 847 of the Revised Statutes and provides pay for a United States Commissioner for taking and certifying depositions to file in civil cases, ten cents a folio, and also ten cents a folio for furnishing copies on request.   Taking and certifying a deposition is not "attending to a reference in a litigated matter   .   .   . in pursuance of an order of the court," for which service he is entitled to a per diem of three dollars.   *Tesla Electric Co. v. Scott,* 101 Fed. Rep. 524, 525.   This case, which was decided in

the year 1900, gets its law from section 847 of the Revised Statutes, apparently overlooking the law cited above of 1896 which reduces the charge from twenty cents a folio to ten cents a folio.

Counsel for the claimant also objected to the marshal's charges for expenses connected with the attachment of the vessel, charging for boat hire; also for boat hire for inspection to see if the position of the custodian was satisfactory; also for meals to the custodian and the cost of delivering them on board; also boat hire in connection with changing the custodian; boat hire to release custodian; boat hire for custodian and return; boat hire and hack hire to the dredger to give notice to stop work; hack hire to see if vessel was securely anchored; bus hire, Nawiliwili; board and lodging at Lihue; fare to Kauai and return, and hack hire to hotel; hack hire for serving subpoenas.

The law allows for the necessary expenses of keeping a vessel attached in admiralty $2.50 a day. Section 823 of the Revised Statutes limits the fees and other compensation that may be taxed and allowed, to those provided in the statute except in cases otherwise expressly provided by law. The act of February 26, 1853 (10 Stat. L., chap. 80, p. 164) provides for service of an attachment $2 for each person on whom such service may be made, but provides "that on petition setting forth the facts on oath, the court may allow such further compensation for the keeping of personal property attached and held on mesne process, as shall, on examination, be found to be reasonable." This provision is repeated in section 829 of the Revised Statutes, "for the keeping of personal property attached on mesne process, such compensation as the court on petition setting forth the facts under oath may allow"; also, "for the necessary expenses of keeping boats, vessels, or other property attached or libeled in admiralty, not exceeding $2.50 a day." The charges in this case amount to considerably over $2.50 a day. I take it that the provision referring to keeping

of personal property attached on mesne process includes the process of attachment in this case.

The matter of hack hire and other traveling expenses incurred in the serving of subpoenas is expressly provided for in the allowance in section 829 of the Revised Statutes of six cents a mile in "going only," or, if the Marshal so elect, "his actual traveling expenses, to be proved on his oath to the satisfaction of the court." Such charges in the cost bill will have to be rectified one way or the other on this basis.

The clerk is instructed to amend the bill of costs relating to the Commissioner's and the Marshal's charges in accordance with the statute.

The matter of the Marshal's charges other or more than is provided by law, if so desired, will be considered by the court upon a petition under oath setting forth the circumstances under which they accrued.